The Honorable T.J. Hively Prosecuting Attorney Sixteenth Judicial Circuit P.O. Box 2476 Batesville, Arkansas 72503
Dear Mr. Hively:
This is in response to your request for an opinion on the following question:
 Does the Fulton County Quorum Court have authority to establish the service area or other boundary of the area to be served by a rural volunteer fire department, which fire department is created pursuant to Act 176 of 1963 (a non-profit corporation) and which fire department is located within 5 miles of another rural fire department created under the same act, where each fire department has overlapping boundaries?
 Neither of the rural fire departments in question is a Fire Protection District as defined by A.C.A. § 14-284-101 et seq. or A.C.A. § 14-284-201 et seq.
It is my opinion that the answer to your question is "no." A quorum court's authority to set the service areas of such nonprofit corporations was removed by Act 801 of 1991.
The relevant statute is A.C.A. 14-282-207 which provides that:
 (a)(1) The quorum court of each county wherein is located a fire protection district formed for fire protection purposes shall establish the service area of the fire protection districts to not exceed a radius of five (5) miles from each fire station.
 (2) For the purpose of this subsection, five (5) miles means a distance of five (5) miles by straight line, not road or highway miles.
 (b) The quorum courts shall furnish the fire protection organizations with a map indicating their service area.
This statute was originally enacted in 1985. See Acts 1985 No. 160. Originally, the statute applied to both "fire protection district[s]" and to "nonprofit corporation[s] formed for fire protection purposes." See
Acts 1985, No. 160, 2. The language relating to nonprofit corporations was removed, however, by Act 801 of 1991. The title of that act is "AN ACT to Amend Arkansas Code 14-284-207 to Eliminate the Authority of the Quorum Court to Establish the Service Area of Nonprofit Fire Protection Corporations; and for Other Purposes." The emergency clause ofAct 801 of 1991 provides in pertinent part that: "It is hereby found and determined by the General Assembly that the present law pertaining to the establishment of service area for fire protection districts inappropriately also refers to nonprofit fire protection corporations; that the law should be modified to provide that the quorum court may establish the service area of fire protection districts; that this act so provides. . . ." Acts 1991, No. 801, § 5. See also Acts 1991, Nos. 958 and 1028, and Ops. Att'y Gen. 96-114 and 98-148.
In my opinion therefore, the history of A.C.A. § 14-284-207 clearly indicates that a quorum court does not now have the authority to set the service area of a nonprofit fire entity. You may wish to review Op. Att'y. Gen. 98-148, a copy of which I have enclosed, which indicates that a new 1997 act may invest the Arkansas Forestry Commission with the power to settle boundary disputes between such nonprofit entities.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh